IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN L. WEIRICH, ET AL. | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 07-CV-871 |
| HORST REALTY CORPORATION, LLC, ET AL. | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM OPINION & ORDER**

GOLDEN, J.                                                                                                    JULY 11, 2007

Before the Court is defendants' motion to dismiss counts five, six, nine, ten, eleven, and twelve of the Complaint. The Court will grant the motion as to counts eleven and twelve and deny the motion as to counts five, six, nine, and ten.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows courts to screen out cases "where a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted." Port Auth. v. Arcadian Corp., 189 F.3d 305, 311-12 (3d Cir. 1999).[1] The Third Circuit Court of Appeals instructs that "the complaint will withstand a Fed. R. Civ. P. 12(b)(6) attack if the material facts as alleged, in addition to inferences drawn from those allegations, provide a basis for recovery." Menkowitz v. Pottstown Mem'l Med. Ctr., 154 F.3d 113, 124-25 (3d Cir. 1998). In deciding a motion to dismiss, a court is required to accept all of the plaintiff's factual

---

[1] The Third Circuit instructs district courts to apply the Rule 12(b)(6) standard to a motion to dismiss for failure to exhaust administrative remedies such as this one. Anjelino v. The New York Times Co., 200 F.3d 73, 87 (3d Cir. 1999).

allegations as true.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Thus, a court should grant a motion to dismiss only when it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980).  In resolving a motion to dismiss, the court must primarily consider the allegations contained in the complaint, although matters of public record, orders, and exhibits attached to the complaint may also be considered.  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.1993).

## FACTS

Plaintiff Brian Weirich suffers from multiple sclerosis, and is a qualified person with a disability under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq*., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*  Defendant Horst Realty Company hired plaintiff as a facilities service technician in September 2001.  Plaintiff informed Horst of his multiple sclerosis diagnosis in January 2002, and provided a doctor's medical certificate in December 2003 outlining restrictions on his ability to work.  In February 2004, Horst transferred plaintiff to a leasing consultant position paying less than he had been earning previously.  Plaintiff alleges that his new supervisor did not train him, and assigned him difficult tasks in order to create a reason to discharge him.  Plaintiff overheard his supervisor commenting that she "did not want someone disabled like him at the front desk" and that he did not "look good out there."

In March 2004, Horst denied plaintiff's application for a maintenance manager position and hired a non-disabled candidate.   Horst informed plaintiff in April 2004 that he would be laid off because of a "lack of work suitable" for him.  Horst replaced plaintiff with a non-disabled

person who had twice failed a drug test. Horst offered plaintiff the opportunity to interview for several positions for which he either had no training, could not perform because of his medical restrictions, or that eliminated his medical benefits. All positions paid at a rate below his previous salary.

Count five of plaintiffs' Complaint seeks damages for refusal to reasonably accommodate under the ADA, count six seeks refusal to accommodate damages under the PHRA, count nine is a Title VII retaliation claim, and count ten is a Title VII constructive discharge claim. Count eleven asserts common law breach of contract, and in count twelve plainitff's wife seeks damages for loss of consortium.

## ANALYSIS

1.   Common Law Breach of Contract

The ADA and PHRA preempt state law claims that arise solely from alleged discriminatory conduct. See, e.g., Bruffet v. Warner Communications, Inc., 692 F.2d 910, 918 (3d Cir. 1982). Plaintiff's breach of contract count seeks damages based on Horst's "discriminatory conduct, retaliation, wrongful termination, and/or constructive discharge." Compl. at ¶ 95. The count pleads no additional facts, and incorporates all preceding paragraphs. See Compl. at ¶ 94. Plaintiff has thus specifically tied his breach of contract action to the alleged discriminatory conduct that gives rise to his ADA and PHRA claims, and provided no separate basis to support a breach of contract claim. The claim must therefore be dismissed.[2]

---

[2] The conclusion that count eleven is preempted makes it unnecessary to rule on defendants' arguments that (1) an at-will employee cannot sustain a breach of contract claim, and (2) a plaintiff cannot bring a breach of contract claim premised upon an implied covenant of good faith and fair dealing where the underlying claim relates to at-will employment.

3

Plaintiff does not respond to the allegations concerning preemption of his breach of contract claim, instead arguing that this Court should find a public policy exception to the presumption of at-will employment. Plaintiff asserts that this Court should create an exception like the one created in Weaver v. Harpster, 885 A.2d 1073 (Pa. Super. Ct. 2005). As this Court explained in Welsh v. Male, 2007 WL 906182, at *3 (E.D. Pa. Mar. 22, 2007), however, the Weaver decision created a public policy exception because the plaintiff would have otherwise had no remedy. Weaver, 885 A.2d at 1077. Like in Welsh, the plaintiff at bar has ample remedies available, as evidenced by the several PHRA and ADA counts of his Complaint that survive defendants' motion to dismiss. There is thus no reason to create a public policy exception under these circumstances.

### 2. Loss of Consortium

Defendants argue that, plaintiff's common law contract claim having failed, there can be no loss of consortium claim. The Court agrees. Dismissal of plaintiff's contract count leaves only PHRA and ADA allegations, and "there is no right to recover for loss of consortium in connection with a spouse's ADA or PHRA claims." McInerney v. Moyer Lumber and Hardware, Inc., 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002) (*citing* Wakshul v. Philadelphia, 998 F. Supp. 585, 590 (E.D. Pa. 1998)). The claim is therefore dismissed.

### 3. Failure to Exhaust Administrative Remedies

Horst argues that plaintiff's claims for refusal to accommodate, retaliation, and constructive discharge should be dismissed for failure to exhaust administrative remedies. Plaintiff filed a complaint with the PHRA outlining the circumstances of his demotion, firing, and Horst's refusal to re-hire him. See Defs.' Mot. to Dismiss at Ex. A. Plaintiff cross-filed the

complaint with the EEOC, and the PHRA took the lead on the investigation.  Plaintiff's PHRA complaint does not mention any type of retaliation, specific refusal to accommodate, or constructive discharge.

      The exhaustion of administrative remedies prior to filing a complaint for judicial relief "is a basic tenet of administrative law."  Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997).[3]  The exhaustion requirement is designed to, among other things, resolve the dispute without judicial intervention.  See Anjelino v. The New York Times Co., 200 F.3d 73, 93 (3d Cir. 1999).  Noting this purpose, the Third Circuit has recognized that allegations falling outside the precise scope of an administrative complaint may still go forward in a judicial complaint, holding that the "parameters of a civil action in the District Court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."  Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-99 (3d Cir. 1976).  The Third Circuit has since added that because the "charges are most often drafted by one who is not well versed in the art of legal description...the scope of the original charge should be liberally construed."  Hicks v. ABT Assocs., Inc., 572 F.2d 960, 965 (3d Cir. 1978).

      Plaintiff has properly exhausted administrative remedies here because the counts that defendants attack – refusal to accommodate, retaliation, and constructive discharge – arise out of the same conduct that plaintiff details in his PHRA complaint: discrimination based upon his disability.  It is therefore difficult to imagine that the PHRA would have overlooked the possibility of such classic legally cognizable forms of disability discrimination in its subsequent

---

[3] It is of no consequence that the PHRA is leading the investigation as opposed to the EEOC because PHRA claims "are interpreted coextensively with Title VII claims."  Atkinson v. Lafayette Coll., 460 F.3d 447, 454 n.6 (3d Cir. 2006).

investigation of the complaint. Indeed, plaintiff's PHRA complaint and his responses to the PHRA questionnaire contain several references to these theories of recovery. See App. to Pls.' Opp.[4] While the actual scope of the investigation is not dispositive of the inquiry, see Hicks, 572 F.2d at 966, it is indicative of an investigation that would be reasonably expected to grow out of plaintiff's charges. The Court thus finds that, mindful of the Third Circuit's instruction to liberally construe the scope of the initial charge, the PHRA investigation encompasses claims for refusal to accommodate, retaliation, and constructive discharge, and plaintiff has exhausted his administrative remedies.

    4.    Failure to State a Claim For Constructive Discharge

The defendants also attack plaintiff's constructive discharge claim on the grounds that he has failed to allege that he is in a class of individuals that Title VII protects or identified any conduct in violation of Title VII. An employee has been constructively discharged when an "employer knowingly permit[s] conditions of discrimination in employment so intolerable that a reasonable person subject to them would resign." Spencer v. Walmart Stores, Inc., 469 F.3d 311, 316 n.4 (3d Cir. 2006) (internal citations omitted).

As plaintiff points out, however, his Complaint avers that he has a disability within the meaning of the ADA, see Compl. at ¶ 16, and the ADA incorporates the enforcement powers of Title VII. See 42 U.S.C. § 12117(a). Likewise, plaintiff's allegations concerning his demotion and transfer and the discriminatory comments of his supervisor, see Compl. at ¶¶ 20-21, provide the conditions of discrimination in employment that create the intolerable environment necessary

---

[4] Consideration of the PHRA materials does not convert this motion to a summary judgment motion because they are "undisputedly authentic" documents upon which the plaintiff's claims are based. See, Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

to support a constructive discharge claim in the context of a Rule 12(b)(6) motion where the Court views the facts in a light most favorable to plaintiff.  See, e.g., Tomaselli v. Upper Pottsgrove Twp., 2004 WL 2988515, at *6 (E.D. Pa. Dec. 22, 2004) (finding that a constructive discharge claim in part based on derogatory comments survived a motion to dismiss).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN L. WEIRICH, ET AL. | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 07-CV-871 |
| HORST REALTY CORPORATION, LLC, ET AL. | : | |
| | : | |
| Defendants | : | |

**ORDER**

AND NOW, this 11th day of July, 2007, it is hereby ORDERED that Defendants' Motion For Partial Dismissal (Document No. 5) is GRANTED as to counts eleven and twelve and DENIED as to counts five, six, nine, and ten.

BY THE COURT:

/s/ Thomas M. Golden
THOMAS M. GOLDEN, J.